# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**ERNIE JUNIOR PEREZ**,

    Plaintiff,

v.

**COLETTE PETERS, et al.**,

    Defendants.

Case No. 2:16-cv-2196-PK

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on August 7, 2017. ECF 30. Judge Papak recommended that Defendants' partial motion to dismiss be granted in part and denied part. Specifically, Judge Papak recommended that Defendants' motion be denied with respect to Plaintiff's claim under the First Amendment to the U.S. Constitution, but be granted with respect to Plaintiff's equal protection claim under Article I, Section 20 of the Oregon Constitution. Judge Papak found that Defendants are protected from suit in federal court for such a claim by Eleventh Amendment sovereign immunity.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff timely filed an objection. ECF 33. Plaintiff's only objection is that Judge Papak should have construed Plaintiff's claim under Article I, section 20 of the Oregon constitution as a claim for habeas corpus relief under Oregon Revised Statutes §§ 34.310-730. Instead, when Plaintiff argued to Judge Papak that he could construe Plaintiff's equal protection claim as a habeas claim, Judge Papak considered whether it could be brought as a *federal* habeas claim. Plaintiff argues that Judge Papak misunderstood the type of habeas claim Plaintiff had intended his claim be construed.

Plaintiff offers no authority for the contention that this Court has jurisdiction to consider state habeas claims under the Oregon statute, and the Court could not find any. The statute itself establishes to the contrary, providing jurisdiction in "[t]he circuit court of the judicial district wherein the party is imprisoned or restrained, and, if vested with power to exercise judicial functions, the county court and county judge of the county wherein the party is imprisoned or restrained." Or. Rev. Stat. § 34.320. Further, the Court notes that when the state habeas statute first became effective, this Court found that the statute provided a state court alternative to federal court jurisdiction. *See Ex parte Sherwood*, 177 F. Supp. 411, 413 (D. Or. 1959) ("In addition, Chapter 636, Oregon Laws 1959, now in force, which relates to post conviction relief in criminal cases, makes it no longer necessary for state prisoners, in most instances, to continue to seek relief through habeas corpus proceedings in the Federal Courts. The procedure set forth in the Oregon statute will afford Earl Sherwood adequate and complete opportunity for relief.").

Accordingly, the Court declines to construe Plaintiff's claim as one for state habeas relief under § 34.330, and to then exercise supplemental jurisdiction over that claim.

The Court also has reviewed *de novo* Judge Papak's analysis relating to Plaintiff's Article I, Section 20 claim and sovereign immunity. The Court agrees with Judge Papak's reasoning and ADOPTS those portions of the Findings and Recommendation.[1]

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

---

[1] The Court also agrees with Judge Papak's notation that nothing in the Findings and Recommendation or this Court's Order precludes Plaintiff from requesting leave to amend his complaint to add a claim under 42 U.S.C. § 1983 alleging an equal protection claim under the Fourteenth Amendment of the U.S. Constitution.

## CONCLUSION

The Court **ADOPTS** Judge Papak's Findings and Recommendation, ECF 30. Defendants' Motion to Dismiss (ECF 17) is GRANTED IN PART and DENIED IN PART. It is granted with respect to Plaintiff's equal protection claim under the Oregon constitution, which is dismissed with prejudice. Defendants' motion is otherwise denied.

**IT IS SO ORDERED.**

DATED this 18th day of September, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge