IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ERNIE JUNIOR PEREZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COLETTE PETERS, MICHAEL GOWER, BRAD CAIN, MARK NOOTH, CAPTAIN KYLE, CAPTAIN JOST, FRANK SERRANO, JOE CAPPS, AMY ATCHISON, and JOHN (JANE) DOE**, <br><br> Defendants. | Case No. 2:16-cv-2196-PK <br><br> **OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

Incarcerated plaintiff *pro se* Ernie Junior Perez filed this action against defendants Colette Peters, Michael Gower, Brad Cain, Mark Nooth, Captain Kyle, Captain Jost, Frank Serrano, Joe Capps, Amy Atchison, and John (Jane) Doe on November 21, 2016. Perez amended his complaint effective March 10, 2017. In his amended complaint, Perez alleges that he received disproportionate discipline at the penal institution in which he is housed for his involvement in multiple fistfights, and further alleges that the conditions in the segregated housing unit to which he was sent for disciplinary purposes were substandard. Arising out of the foregoing, Perez alleges (1) the liability of defendants Peters, Gower, Cain, Nooth, Serrano, Capps, and Atchison under 42

Page 1 - OPINION AND ORDER

U.S.C. § 1983 for the violation of Perez's Fourteenth Amendment procedural due process rights, (2) the liability of defendants Peters, Gower, Cain, Nooth, Kyle, and Jost under Section 1983 for the violation of Perez's First Amendment free speech rights, (3) all Defendants' liability under Section 1983 for the violation of Perez's Eighth Amendment right to freedom from cruel and unusual punishment, and (4) the liability of defendants Peters, Gower, Cain, Nooth, Kyle, and Jost under Article I, Section 20 of the Oregon Constitution for violation of Preez's right to equal protection under the law. The Court has federal question jurisdiction over Perez's federal claims pursuant to 28 U.S.C. § 1331, and may properly exercise supplemental jurisdiction over Perez's Oregon constitutional claim pursuant to 28 U.S.C. § 1367.

On August 8, 2017, Judge Papak issued Findings and Recommendation ("F&R") (ECF 30) recommending that Perez's Oregon constitutional claim be dismissed with prejudice. On September 18, 2017, this Court entered an Order ("September Order") (ECF 35) adopting Judge Papak's recommendation without modification, although supplementing Judge Papak's analysis to address new arguments raised by Perez in his objections to the F&R.

Before the Court is Perez's motion for relief from the Court's dismissal of Perez's Oregon constitutional claim. For the reasons set forth below, Perez's motion is denied.

**LEGAL STANDARD**

Although Perez styles his motion as under Federal Civil Procedure Rule 59(e) and requests that the Court alter its "judgment" dismissing Perez's Oregon constitutional claim, no judgment has been entered in this case. Accordingly, the Court construes Perez's motion as seeking relief pursuant to Rule 60 of the Federal Rules of Civil Procedure from the Court's September Order. Rule 60 provides, in relevant part, as follows:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Subsection (6) includes "'extraordinary circumstances' which would justify relief.'" *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Perez's sole argument for relief is that the Court's Order dated September 18, 2017, was premised on legal error. His motion therefore is seeking relief pursuant to Subsection (1).

## DISCUSSION

Perez filed this action on November 21, 2016. Defendants moved to dismiss his First Amendment claim and his Oregon constitutional claim on February 22, 2017. On August 7, 2017, Judge Papak recommended that defendants' motion to dismiss be denied as to Perez's First Amendment claim, and granted with prejudice as to Perez's Oregon constitutional claim. *See*

F&R.

Regarding Perez's Oregon constitutional claim, Judge Papak specifically found that, construed as a constitutional tort sounding in equal protection, the claim was barred under the Eleventh Amendment. In the September Order, this Court agreed with Judge Papak's reasoning and expressly adopted his analysis. *See* September Order at 3.

In response to Perez's argument that his Oregon constitutional claim is not subject to dismissal on Eleventh Amendment grounds because it should properly be construed as a petition for habeas corpus relief, Judge Papak found, by reference to case law defining habeas corpus relief for federal purposes, that Perez's Oregon constitutional claim did not sound in federal habeas corpus, such that Perez's argument could be disregarded. *See* F&R at 15-16. This Court adopted that portion of Judge Papak's analysis. *See* September Order at 4.

In his objections to the F&R, Perez raised a new argument that his claim should have been construed as constituting a petition for Oregon habeas corpus relief under an Oregon statute. In response to that argument, the Court explained as follows:

> Plaintiff offers no authority for the contention that this Court has jurisdiction to consider state habeas claims under the Oregon statute, and the Court could not find any. The statute itself establishes to the contrary, providing jurisdiction in "[t]he circuit court of the judicial district wherein the party is imprisoned or restrained, and, if vested with power to exercise judicial functions, the county court and county judge of the county wherein the party is imprisoned or restrained." Or. Rev. Stat. § 34.320. Further, the Court notes that when the state habeas statute first became effective, this Court found that the statute provided a state court alternative to federal court jurisdiction. *See Ex parte Sherwood*, 177 F. Supp. 411, 413 (D. Or. 1959) ("In addition, Chapter 636, Oregon Laws 1959, now in force, which relates to post conviction relief in criminal cases, makes it no longer necessary for state prisoners, in most instances, to continue to seek relief through habeas corpus proceedings in the Federal Courts. The procedure set forth in the

> Oregon statute will afford Earl Sherwood adequate and complete opportunity for relief."). Accordingly, the Court declines to construe Plaintiff's claim as one for state habeas relief under § 34.330, and to then exercise supplemental jurisdiction over that claim.

Order at 2-3.

Perez now argues that it was error to find that this Court lacks jurisdiction to construe Perez's Oregon constitutional claim as a petition for Oregon habeas corpus relief, and in the alternative that it was error to adopt Judge Papak's finding that, construed as an equal protection claim, the claim was barred under the Eleventh Amendment. Perez argues that the Oregon statute establishes a claim for habeas relief under Oregon law before Oregon courts and this Court has jurisdiction to hear that claim under the doctrine of supplemental jurisdiction.

Perez asserts that he is being treated unfairly and is being subjected to substandard conditions of confinement. He is not challenging his conviction or the length of his sentence. Thus, as Judge Papak discussed, Perez's challenge is not one for which he is entitled to habeas corpus relief, including injunctive relief. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside" the core of habeas corpus). The Supreme Court "has focused on the need to ensure that state prisoners use only habeas corpus (*or similar state*) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (first emphasis added, remaining emphasis in original). The Supreme Court, however, has made it "clear that § 1983 remains available for procedural

challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner." *Id.* (emphasis in original). Thus, the requirement that a petitioner be challenging his conviction or the length of his sentence is not limited only to federal habeas relief, but also applies to similar state challenges. *Id.* Here, Perez is challenging Defendants' disciplinary procedures and conditions of confinement. Perez seeks injunctive relief, but that relief would not necessarily spell immediate or speedier release for Perez. Thus, habeas corpus, whether federal or state, is not available to him. Accordingly, his motion for reconsideration of the dismissal of his state and federal habeas claim is denied.

Perez offers no new argument or authority to support his alternative "plain state law claim" for equal protection. For the reasons stated in Judge Papak's F&R, and adopted in the September Order, if Perez's claim were construed as a constitutional equal protection tort, it is barred by the Eleventh Amendment. Accordingly, Perez's motion to reconsider the dismissal of the claim so construed is denied.

## CONCLUSION

Perez's motion (ECF 41) for relief from the Court's Order dismissing Perez's Oregon constitutional claim is DENIED.

Dated this 20th day of February, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge